UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL J. ARANDA                        CIVIL ACTION

VERSUS                                NO. 06-2158

MICHAEL B. KENNIS, ET AL              SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case. Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

   The facts presented do not support a finding of the jurisdictional minimum.  According to the petition, the plaintiff injured his left elbow when approaching a vehicle being operated by one the defendants, Michael B. Kennis ("Kennis").  The plaintiff seeks $517.00 in medical expenses, future medicals,

$1,000 in loss of income and general damages.  The parties agree that in April 2006, the plaintiff underwent elbow surgery and has incurred approximately $12,000 in medical expenses. The plaintiff did not request a jury trial in state court.

The defendants, Kennis and his insurer, Palisades Safety and Assurance Association, argue that the jurisdictional minimum is satisfied because they are "unaware of any authority that indicates to a legal certainty that Plaintiff can not recover $75,000.00 in this case."  The defendants rely on cases in which suit was originally filed in federal court.  Based on the authority provided by the defendants, the Court is unable to find that the jurisdictional amount existed at the time of removal, In addition, the plaintiff provides legal support for the finding that an injury such as the plaintiff's does not met the jurisdictional minimum.  Johnson v. Rogers & Phillips, Inc., 753 So.2d 286 (La. App. 4th Cir. 1999); Castille v. Wal-Mart Stores, Inc., 731 So.2d 904 (La. App. 5th Cir. 1999); Stark v. National Tea Co., 655 SO.2d 769 (La. App. 1995).

In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 12TH day of June, 2006.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE